## MAGOUIRK v. CANTRELL et al.
### (No. 3670.)

Court of Civil Appeals of Texas. Texarkana. April 12, 1929.

Rehearing Denied April 25, 1929.

Cunningham & Lipscomb, of Bonham, for appellant.

Webb & Webb, of Sherman, for appellees.

WILLSON, C. J. (after stating the case as above). [1-4] Appellant does not contend that the evidence did not warrant the finding of the jury that his employé was operating the bus at a rate of speed prohibited by the statute referred to in the statement above, nor the finding that the employé's act in so doing was a proximate cause of the collision; but he insists it did not warrant the finding that appellee F. A. Cantrell's act in operating the car he and his minor son were in at a speed prohibited by said statute was not also a proximate cause of the accident. It may be conceded that, if the testimony of said appellee as a witness should be ignored, there would be merit in the contention. But the jury had a right to believe appellee's testimony, and we think it furnished support for the finding. He said that, traveling north on Maxey street, his car had crossed the street railway company's track on

Lamar street and "was half way across the north line" of Lamar street when the bus struck the "right rear wheel" thereof. It is obvious, we think, if appellee's car had reached the point, practically across Lamar street, indicated by his testimony, that the unlawful speed at which it was moving was not the cause of the accident. The fact that the rear wheel of appellee's car was struck indicated that, if it had been moving a little faster, or if the bus had been moving a little slower, the collision would not have occurred. In that view of the case it is clear, we think, that the finding of the jury that the unlawful speed of appellee's car was not a proximate cause of the collision was warranted, and was not inconsistent with their finding that the unlawful speed of the bus was such a proximate cause. That testimony also indicated that, in proceeding over the crossing as he did, appellee did not violate the requirement of article 801 (E) of the Penal Code of 1925, that under circumstances specified therein "the operator of a vehicle approaching an intersection on the public highway shall yield the right of way to a vehicle, approaching such intersection from the right of such first-named vehicle."

The judgment is affirmed.